# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **TODD BUNNELL, individually and on behalf of all persons similarly situated,** | Civil Action No.: |
| | Complaint — Collective Action |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| **MBM DELIVERY AND LOGISTICS, LLC, and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS,** | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Todd Bunnell ("Plaintiff"), through his undersigned counsel, individually, and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendants MBM Delivery and Logistics, LLC ("MBM") and DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") (collectively, "Defendants") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. Defendant MBM provides last-mile delivery services to Defendant

DHL.

2.  Defendants jointly employ non-exempt Courier Drivers, such as Plaintiff and members of the proposed Collective, to transport packages from DHL's facilities to DHL's customers ("Courier Drivers").

3.  This case is about Defendants' failure to comply with applicable wage and hour laws and to pay non-exempt Courier Drivers for all time worked – including overtime – as was required to deliver hundreds of DHL packages each day and meet DHL's delivery needs throughout Florida and potentially other states.

## JURISDICTION AND VENUE

4.  Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside in and/or conduct business in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

## PARTIES

6.  Plaintiff Todd Bunnell is a citizen of Florida and resides in Beverly Hills, Florida. Plaintiff Bunnell worked for Defendants as a Courier Driver in Ocala, Florida, from approximately July 2020 to October 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff Bunnell has consented to be a plaintiff in this action. *See* Ex. A.

7. Defendant MBM Delivery and Logistics, LLC ("MBM") is a limited liability company registered in Maryland and is headquartered at MBM's head office at 520 McCormick Dr. Ste N, Glen Burnie, MD 21061. MBM is also registered to do business in Florida.

8. Defendant DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") is an Ohio corporation and is headquartered at DHL's corporate office at 1210 S. Pine Island, Suite 400, Plantation, FL 33324. DHL is also registered to do business in Florida. DHL operates throughout the United States and maintains facilities across Florida including, without limitation, in Orlando, FL.

9. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

10. During times relevant, Plaintiff was an employee of the Defendants and is covered by the FLSA.

11. Each Defendant is an employer covered by the FLSA.

12. Defendants employ individuals, including Courier Drivers, in Florida and other states.

13. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on

goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

14. Defendants' annual gross volume of sales exceeds $500,000.

## COLLECTIVE DEFINITION

15. Plaintiff Bunnell brings Counts I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following collective:

> All current and former Courier Drivers or delivery drivers who were paid by Defendant MBM to deliver packages for DHL in the United States during the applicable limitations period (the "FLSA Collective" or "Courier Drivers").

16. Plaintiff reserves the right to redefine the Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### Defendants Are Joint Employers and Employed Plaintiff and the Courier Drivers

17. Defendant DHL is the world's leading delivery company, with a team of shipping professionals that transport goods to customers across the United States, as well as in other countries and territories, in a short period of time.

18. Defendant DHL holds itself out as a company able to provide domestic and international parcel pickup, delivery, and return solutions for business customers and individual customers, as well as e-commerce solutions and facilitation services.

19. Defendant DHL and the local and regional delivery vendors it partners with, such as Defendant MBM, are in the business of delivering goods across the United States.

20. Defendant DHL utilizes local and regional delivery vendors, such as MBM, to transport goods across the country to customers in a short period of time.

21. Defendant DHL relies on local and regional delivery vendors, such as MBM, for the essential services of transporting goods from DHL facilities to customers' doors as quickly as possible.

22. The local and regional delivery vendors, such as MBM, are an integral part of DHL's business. Without the use of delivery vendors, such as MBM, DHL could not get their goods to customers.

23. Defendant DHL attempts to shield itself from liability by utilizing third-party delivery vendors, such as MBM, to provide the employees to transport their goods.

24. Defendant MBM provides delivery services for Defendant DHL at one or more of DHL's ServicePoint locations through the use of Courier Drivers such as Plaintiff and members of the proposed Collective.

25. Courier Drivers are engaged to fulfill DHL's delivery needs and to transport goods from DHL ServicePoint locations to DHL customers.

26. Courier Drivers work in the transportation industry.

27. As required by DHL, MBM provides Courier Drivers, such as Plaintiff and other Courier Drivers, with a DHL-branded vehicle.

28. The goods that Courier Drivers transport from DHL ServicePoint locations to DHL customers originate, or are transformed into their final condition, in a different state than the delivery state.

29. The goods the Courier Drivers transport from DHL ServicePoint locations to DHL customers are not transformed or modified during the shipping process.

30. Courier Drivers deliver goods to DHL customers in the same condition as when they were shipped to the DHL ServicePoint.

31. Courier Drivers deliver goods to DHL customers that were shipped from around the United States.

32. Courier Drivers handle goods that travel interstate.

33. Courier Drivers are directly responsible for transporting goods in interstate commerce.

34. Courier Drivers operate vehicles in order to deliver DHL packages, which is vital to the commercial enterprise of the local and regional delivery vendors and DHL.

35. A strike by Courier Drivers would disrupt interstate commerce.

36. Plaintiff and other Courier Drivers are necessary in order for DHL

goods traveling interstate to make it to their final destination – DHL customers.

37. At all times relevant, DHL has been affiliated with and/or operating with Sidwell, with respect to Plaintiffs and other similarly situated employees, such that DHL and Sidwell are "joint employers" of Plaintiffs and other similarly situated employees.

38. Courier Drivers for the local and regional delivery vendors, including MBM, are required to wear DHL-branded uniforms while making deliveries and are further equipped with DHL-branded badges.

39. When Courier Drivers present themselves to DHL customers, they are identifiable as DHL associates.

40. Courier Drivers are provided with a DHL-issued handheld scanner. The handheld scanner is used for navigation assistance, package scanning, and as a phone. The scanner allows DHL to contact and track a Courier Driver's movement and work progress.

41. DHL has direct access to the handheld scanners, which are given to and used by each Courier Driver.

42. DHL assigns and provides routes to local and regional delivery vendors, including MBM.

43. DHL oversees and controls the work activities, work schedules, conditions and management of Courier Drivers.

44. Throughout their employment with Defendants, Courier Drivers are required to comply with DHL's operational procedures and in meeting DHL's work expectations.

45. DHL's policies and expectations regarding payment and delivery goals dictated the delivery vendors' ability to pay Courier Drivers properly for their overtime work.

### The Nature of Plaintiff's and Other Courier Drivers' Work

46. The nature of the work performed by Courier Drivers is similar and standardized at each location where MBM provides services for DHL, as the nature of the work is centrally controlled and directed by Defendants.

47. Plaintiff Bunnell was hired on or around July 2020 and worked as a Courier Driver for MBM until on or around October 2020 out of Ocala, FL, making deliveries on behalf of DHL.

48. At all times during the relevant period, Plaintiff Bunnell and other Courier Drivers regularly began their shifts at a designated meeting location in Ocala, FL.

49. Each morning, Plaintiff and other Courier Drivers corresponded with their supervisors in order to determine an approximate shift start time. Plaintiff and other Courier Drivers regularly began their shifts at or around the time that a box truck transporting DHL packages from the DHL ServicePoint in Orlando, FL, arrived

to MBM's meeting location in Ocala, FL.

50. Upon arriving to the designated meeting location, Plaintiff and other Courier Drivers picked up their assigned van, a handheld scanning device, a route sheet, and packages.

51. Plaintiff and other Courier Drivers were regularly scheduled to work five (5) or more days per week, with shifts that exceeded eight (8) hours in length.

52. Upon information and belief, Plaintiff and other Courier Drivers were required to complete all assigned routes regardless of the length of their shifts.

53. Upon information and belief, all of the work-related activities that Plaintiff and other Courier Drivers are and/or were required to and do perform often took eight (8) or more hours per day to complete.

54. Plaintiff regularly worked in excess of eight (8) hours each workday, sometimes as much as ten (10) hours per workday. Plaintiff observed that other Courier Drivers routinely worked similar hours.

55. Plaintiff regularly worked in excess of forty (40) hours per week. Plaintiff observed that other Courier Drivers routinely worked similar hours.

56. Defendants unilaterally selected the parcels and the quantity to be delivered. Plaintiff and other Courier Drivers could not reject delivery assignments.

57. Due to the volume of work, Plaintiff routinely worked through his meal period. Plaintiff observed that other Courier Drivers routinely worked through their

meal period.

58. Plaintiff observed that other Courier Drivers routinely worked similar schedules. Defendants were not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendants effectively required this practice.

59. Plaintiff and other Courier Drivers are non-exempt for overtime purposes.

## Defendants Failed to Pay Courier Drivers Properly

60. The FLSA generally requires an employer, such as Defendants, to compensate employees for hours worked in excess of forty (40) hours "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

61. Plaintiff and other Courier Drivers regularly worked five (5) days per week.

62. Plaintiff and other Courier Drivers regularly worked more than forty (40) hours per week. Plaintiff observed that other Courier Drivers worked a similar number of hours.

63. Defendants were aware that Plaintiff and other Courier Drivers worked more than forty (40) hours per week.

64. Defendants did not compensate Plaintiff and other Courier Drivers for all hours worked.

65. Defendants did not pay Plaintiff or other Courier Drivers for all hours worked in excess of forty (40) hours in a workweek and did not pay proper overtime premiums.

66. Throughout the course of Plaintiff's employment, Plaintiff routinely worked through his meal break period without compensation, due to the sheer volume of deliveries assigned to him and in order to meet the work expectations set forth by Defendants. Furthermore, Plaintiff was unable to take short rest breaks throughout his workday in order to meet work expectations. Plaintiff observed that other Courier Drivers also routinely worked through their rest breaks and meal breaks, without compensation, due to their strenuous work loads and in order to meet the expectations set forth by Defendants.

67. Plaintiff and other Courier Drivers were not provided meal breaks. Accordingly, Plaintiff and other Courier Drivers routinely worked through meal breaks without proper compensation. Defendants were not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendants effectively required this practice.

68. Despite Plaintiff's inability to take meal breaks, Defendants automatically deducted thirty (30) minutes from each shift worked for a meal break, regardless of whether Plaintiff actually took a break during his workday. Plaintiff observed that other Courier Drivers were also made subject to the same practice.

69. Defendants were aware that Plaintiff and other Courier Drivers were not compensated properly for working through their breaks.

70. Defendants did not accurately record and track all of the hours worked by Plaintiff and other Courier Drivers and therefore failed to compensate Plaintiff and the putative collective action members at one and one-half (1 ½) times the regular rate of pay for hours worked over forty (40) hours in a workweek.

71. Plaintiff and Courier Drivers were not paid for all hours worked and were not paid overtime, as required by law.

### The Failure to Properly Pay Courier Drivers Is Willful

72. Defendants' actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

73. Even though the FLSA requires overtime premium compensation for hours worked over forty (40) hours per week, Defendants do not pay Courier Drivers, such as Plaintiff, proper overtime compensation for overtime hours worked.

74. Defendants knew, or absent their own recklessness should have known, that the Courier Drivers were entitled to such overtime premiums.

75. Defendants knew or absent their own recklessness should have known, that the Courier Drivers were entitled to compensation for all time worked.

76. Defendants failed to pay Plaintiff and other Courier Drivers all compensation owed, including overtime premiums.

77. By failing to pay all the compensation owed to Plaintiff and other Courier Drivers, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

78. Defendants have not made good faith efforts to comply with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

79. Plaintiff Bunnell brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

80. Plaintiff Bunnell desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

81. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

82. Specifically, Defendants failed to compensate Plaintiff for all hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

83. The similarly situated employees are known to Defendants and are

readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

84. Defendants employ many FLSA Collective Members throughout Florida and potentially other states. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiff and the FLSA Collective)

85. All previous paragraphs are incorporated as though fully set forth herein.

86. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed. *See* 29 U.S.C. § 207(a)(1).

87. Defendants are subject to the wage requirements of the FLSA because each of the Defendants is an "employer" under 29 U.S.C. § 203(d).

88. At all relevant times, each of the Defendants was an "employer"

engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

89. During all relevant times, Plaintiff and Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

90. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

91. Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

92. Defendants knowingly failed to properly compensate Plaintiff and Collective Members for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

93. Defendants also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

94. In violating the FLSA, Defendants acted willfully and with reckless

disregard of clearly applicable FLSA provisions.

95. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

      a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

      b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

      c. Back pay damages (including unpaid overtime compensation) as may be owed and prejudgment interest to the fullest extent permitted under the law;

      d. Liquidated damages to the fullest extent permitted under the law;

      e. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

      f. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated: October 15, 2021    Respectfully submitted,

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
**JANET R. VARNELL, FBN: 0071072**
**BRIAN W. WARWICK, FBN: 0605573**
1101 E. CUMBERLAND AVENUE
SUITE 201H, #105
TAMPA, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
*bwarwick@vandwlaw.com*
*jvarnell@vandwlaw.com*
*kstroly@vandwlaw.com*

Camille Fundora Rodriguez, *pro hac vice forthcoming*
Alexandra K. Piazza, *pro hac vice forthcoming*
Reginald Streater, *pro hac vice forthcoming*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
    Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
crodriguez@bm.net
apiazza@bm.net
rstreater@bm.net

*Attorneys for Plaintiff and the Proposed Collective*